FILED
JAMES BONINI
CLERK

08 JUL -2 PM 1:37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------------X

AGI LOGISTICS, INC.,

and

AGI LOGISTICS USA LLC

                Plaintiffs,

Vs.

APPROXIMATELY 148 CONTAINERS OF
CARGO, *in rem*, identified more specifically in
Exhibit A

                Defendant.

------------------------------------------------------------X

Civil Action No. **2:08 cv 646**

**VERIFIED COMPLAINT**

**JUDGE HOLSCHUH**

**MAGISTRATE JUDGE ABEL**

    Plaintiffs AGI Logistics, Inc, and AGI Logistics USA LLC including their subsidiaries, (collectively, "AGI"), by counsel, for their Verified Complaint against the *in rem* Defendant, approximately 148 containers of cargo, *in rem* alleges as follows:

**PARTIES**

1. At all material times Plaintiff AGI Logistics, Inc. and AGI Logistics USA LLC were, and still are, respectively, a corporation and a limited liability company organized and existing under the laws of the State of New York maintaining an office at with their principal place of business located at 230-59 International Airport Center Blvd. Suite 230 Jamaica, New York 11413, New York. Both are registered with the New York Secretary of State as doing business in the State of New York.

2. AGI, at all times hereinafter mentioned, was engaged in business of freight forwarding, ocean carrier, transportation logistics, and customs brokerage services in its headquarters in Queens, New York, in other offices located throughout the United States and in other countries.

3. The *in rem* Defendant consists of approximately 148 containers of cargo of clothing, as more fully identified and described in the spreadsheet attached hereto as Exhibit A.

4. The *in rem* Defendant is currently in the custody of the Plaintiff, stored at CSX Intermodal, Trimodal, and the Norfolk Southern Rail Corp. freight and rail yards, again as more specifically identified in Exhibit A, with addresses as follows:

   CSX - INTERMODAL COLUMBUS,OH
   2351 WEST BELT DRIVE
   COLUMBUS OH 43228

   TRI MODAL
   2001 WALCUTT ROAD
   COLUMBUS OH 43228

   NORFORK SOUTHERN
   1855 WATKINS ROAD
   COLUMBUS, OHIO 43207

5. At all material times, Steve & Barry's, LLC, ("S&B") was, and still is, a company organized and existing under the laws of New York maintaining an office with a principal place of business located at 12 Harbor Park Drive, Port Washington, NY 11050, and is registered with the New York Secretary of State as doing business in the State of New York. S&B, at all times hereinafter mentioned, was engaged in the business of retail clothing sales.

### SUBJECT MATTER AND PERSONAL JURISDICTION

6. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of 28 U.S.C. §

2

1333 and Rule 9(h) of the Federal Rules of Civil Procedure, setting forth in claims for maritime liens arising from contracts of affreightment in accordance with Rule C and E, Supplemental Rules for Certain Admiralty and Maritime Claims.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333.

8. The *in rem* Defendant is amenable to personal jurisdiction in this forum by virtue of its location within this district.

## BACKGROUND & CLAIMS FOR RELIEF

9. Beginning on or about 2002, S&B engaged AGI as a freight forwarder and carrier to transport by vessel containers of clothing from foreign countries to S&B's distribution center. pursuant to the standard terms and conditions of AGI's Through Ocean Bill of Lading (Exhibit B).

10. Intially, S&B's distribution center was located in Detroit, Michigan, and in Fall, 2006, it was moved to 4545 Fisher Road, Columbus, Ohio,

11. Pursuant to AGI's arrangement and terms, AGI issued invoices to S&B for all containers shipped from overseas to the United States.

12. Pursuant to clause 23 of the AGI Bill of Lading, as well as the terms of AGI's freight invoices, AGI had the right to exercise a maritime lien against any cargo to satisfy freight charges "and damages of any kind whatsoever" that were due and owing. (Exhibit B).

13. Over the course of the business relationship during 2007, S&B encountered payment and financial problems, which led S&B to begin untimely and sporadic payments of AGI's invoices.

14. S&B's financial problems resulted in AGI being forced, in December 2007, to retain the containers of clothing consigned to S&B at various rail yards, port terminals, and other storage facilities, in order to exercise it maritime and contractual liens for unpaid freight, storage and other transport expenses.

15. On or about December 21, 2007, AGI and S&B entered into a Freight Agreement, attached hereto as Exhibit C, to accelerate payments, as well as to restructure some charges and delivery terms in respect to current and future shipments of containers of clothing from abroad which were consigned to S&B.

16. Under the terms of the Freight Agreement attached as Exhibit C, S&B agreed that it was liable to AGI for the accrued storage and demurrage charges on shipments of containers of clothing then pending. Additionally, Articles 5, 6, 15 and 16 of the Freight Agreement subjected S&B to damages for delays on future shipments. (Exhibit C).

17. As a consequence of the Freight Agreement attached as Exhibit C, delay damages have been incurred as a result of S&B's conduct. These damages total approximately $2,802,263.28, and continue to accrue.

18. S&B has once again become delinquent with respect to the payment of freight to AGI, and now owes approximately $2,576,410.62 in freight and other charges to AGI. The total amount, as well as the amount owing on each individual container, is further detailed in Exhibit A. Those amounts continue to accrue daily.

19. The Defendant Cargo, totaling approximately 148 containers, which are all consigned to S&B, is within this district and within the jurisdiction of this Court.

4

20. Additional Cargo consigned to S&B is currently en route to the United States by sea and will in the near future enter the jurisdiction of the Court. Plaintiff requests the right to freely amend this Complaint to include those additional Cargos in this proceeding, as those Cargoes are also subject to maritime liens by the Plaintiff.

21. The Bills of Lading, the Freight Agreement, invoices and the general maritime law provide plaintiff with maritime lien and contractual liens on the Defendant Cargo for the amounts due as stated above.

22. Plaintiff has fully performed all terms and conditions of the Bills of Lading and the Freight Agreement, and has acquired a valid maritime lien against all of the Defendant cargo for an amount totaling $5,378,673.80 which amount continues to accrue, together with costs, interest and legal fees.

**WHEREFORE,** Plaintiff prays:

1. That process of due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction issue *in rem* against the *in rem* Defendant containers that are currently in the custody of CSX Intermodal, Trimodal, and the Norfolk Southern Rail Corp. Freight and Rail Yards, in the vicinity of Columbus, Ohio, and that all persons having or claiming any interest therein be cited to appear and answer all and singularly the matters aforesaid;

2. That judgment be entered in favor of Plaintiff for the amount of its claim of $5,378,673.80 together with any accrued amounts, interest, costs, and reasonable attorney's fees, and that the 148 containers of clothing now in the custody of Plaintiff and in storage at CSX Intermodal, Trimodal, and the Norfolk Southern Rail Corp. Freight and Rail Yards, be condemned and sold to satisfy the damages of plaintiff herein;

3. That Plaintiff be awarded prejudgment interest on all sums due;

4. That any further shipments of containers of clothing consigned to S&B that enter the jurisdiction of the Court be arrested in accordance with the applicable rules of this Court; and

5. That Plaintiff has such other and further relief as may be just and proper.

Dated: Columbus, Ohio
July 2, 2008

Respectfully submitted.
AGI LOGISTICS, INC.

Richard T. Robol (OH # 0064345)
Attorney for Plaintiff
ROBOL LAW OFFICE, LLC
433 West Sixth Avenue
Columbus, Ohio 43201
(614) 737-3757
(614) 737-3756 Facsimile
rrobol@robollaw.com
Trial Attorney

**Of Counsel**
Vincent M. DeOrchis
Olivier DuPont
Just Waytowich
DEORCHIS & PARTNERS
61 Broadway, 26th Floor
New York, N.Y. 10006- 2802
(212) 344-4700
(212) 422-5299 Facsimile
VDEORCHIS@MARINELEX.COM

## **VERIFICATION**

Scott Ornstein, being duly sworn, deposes, verifies and states as follows:

1. That he is Chief Operating Officer of AGI Logistics USA, LLC and he has read the foregoing Verified Complaint and knows the contents thereof and that the same are true based upon his personal knowledge.

2. The sources of deponent's information and the grounds for his belief are statements made by representatives of and documents produced by said corporation.

3. I verify under the penalty of perjury that the foregoing is true and correct.

                                                               Scott Ornstein

## VERIFICATION OF COUNSEL

Richard T. Robol, being duly sworn, deposes, verifies and states as follows:

1. That he is local counsel for Plaintiffs, and he has read the foregoing Verified Complaint, with verification of Scott Ornstein.

2. That based on reasonable inquiry, information and belief, he is of the belief that the contents thereof are true.

3. That the sources of deponent's information and the grounds for his belief are statements made by representatives of and documents produced by said Plaintiffs.

_____
Richard T. Robol